UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

GARY W. MUFFLEY, Regional Director
of the Ninth Region of the National Labor
Relations Board, for and on behalf of the
NATIONAL LABOR RELATIONS BOARD,

Petitioner

v.   Civil No. 5:11-0082

DYNAMIC ENERGY, INC. AND M & P SERVICES, INC.,
A SINGLE EMPLOYER.

Respondent

PETITION FOR PRELIMINARY INJUNCTION
UNDER SECTION 10(j) OF THE
NATIONAL LABOR RELATIONS ACT, AS AMENDED

To the Honorable Judges of the United States District Court for the Southern District of West Virginia, at Beckley:

COMES NOW, Gary W. Muffley, Regional Director of the Ninth Region of the National Labor Relations Board, herein called the Board, and petitions this Court for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended [61 Stat. 149; 73 Stat. 544; 29 U.S.C. Sec. 160(j)] herein called the Act, for appropriate injunctive relief, pending the final disposition of the matters involved herein pending a decision before the Board on the complaint of petitioner alleging that Dynamic Energy, Inc., a Single Employer with M & P Services, Inc., herein called Dynamic and M & P, respectively, and herein also collectively called respondent, has engaged in, and engaging in, acts and conduct in violation of Section 8(a)(1) and

(3) of the Act [29 U.S.C. § 158(a)(1) and 3]. In support thereof, petitioner respectfully shows as follows:

1. Petitioner is the Regional Director of the Ninth Region of the Board, an agency of the United States, and files this Petition for and on behalf of the Board.

2. Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act.

3. On June 23, 2010, United Mine Workers of America, AFL-CIO, a labor organization, herein called the Union, pursuant to the Act, filed a charge with the Board in Case 9-CA-45772 alleging that respondent, an employer within the meaning of Section 2(2) of the Act, has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act. A copy of the charge in Case 9-CA-45772 is attached hereto as Exhibit 1 and made a part hereof.

4. The aforesaid charge was referred to petitioner for investigation as Regional Director of the Ninth Region of the Board.

5. On January 12, 2011, upon the charge filed in Case 9-CA-45772, petitioner, on behalf of the Board, pursuant to Section 10(b) of the Act [29 USC § 160(b)] issued a complaint against respondent alleging violations of Section 8(a)(1) and (3) of the Act. A copy of the Complaint and Notice of Hearing in Case 9-CA-45772 is attached hereto as Exhibit 2 and made a part hereof.

6. There is reasonable cause to believe that the allegations set forth in the complaint in Case 9-CA-45772 are true, and that respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act, affecting commerce within the meaning of Section 2(6) and (7) of the Act [29 USC § 152(6) and (7)]. More particularly, in

2

support thereof, and of the request for injunctive relief herein, petitioner, upon information and belief, shows as follows:

(a)  At all material times, Dynamic, a corporation with an office and place of business in Beckley, West Virginia, has been engaged in the operation of a surface mine located at Coal Mountain, West Virginia.

(b)  At all material times, M & P has been engaged in providing labor services at a mine site located at Coal Mountain, West Virginia.

(c)  At all material times, Dynamic and M & P have been affiliated business enterprises with common officers, ownership, directors, management, and supervision; have administered a common labor policy; have shared common premises and facilities; have provided services for and made sales to each other; have interchanged personnel with each other; and have held themselves out to the public as a single-integrated business enterprise.

(d)  Based on the operations described above in paragraphs 6(a) through (c), Dynamic and M & P (respondent) constitute a single-integrated business enterprise.

(e)  During the past year, respondent, in conducting its business operations described above in subparagraphs (a) through (d), purchased and received at the Coal Mountain, West Virginia mine site, goods valued in excess of $50,000 directly from points outside the State of West Virginia.

(f)  At all material times, respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act.

(g)  At all material times, the union has been a labor organization within the meaning of Section 2(5) of the Act.

3

(h) At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of respondent within the meaning of Section 2(11) of the Act and agents of respondent within the meaning of Section 2(13) of the Act:

| | |
|---|---|
| Thomas Lusk | - President and CEO of Dynamic and M & P |
| William "Billy Bob" Marcum | - Mine Manager, Coal Mountain |
| Eddie Miller | - Safety Manager, Coal Mountain |

(i) At all material times, Tracey Steele has held the position of Engineer and has been an agent of respondent within the meaning of Section 2(13) of the Act.

7. (a) On March 12, 2010, respondent discharged its employees Jeremy Blankenship, Nathan Brown, Christopher Champagne, Phillip Coleman, Steven Paynter and Herrick S. Sheppard.

(b) Respondent engaged in the conduct described above in paragraph 7(a) because the named employees of respondent joined or assisted the union and engaged in concerted activities, and to discourage employees from engaging in these activities.

(c) The following employees of respondent, herein called the Unit, constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

All equipment operators and scalehouse employees employed at [M & P's] Coal Mountain, West Virginia location, but excluding all office clerical, guards, managerial employees and supervisors as defined in the Act.

(d) From about February 13 through March 9, 2010, a majority of the Unit designated and selected the union as their representative for the purposes of collective bargaining with M & P.

(e) At all times since March 12, 2010, based on Section 9(a) of the Act, the Union has been the exclusive collective bargaining representative of the Unit.

(f) By the conduct described above in paragraphs 7(a) and (b), respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

(g) The conduct described above in paragraphs 7(a) and (b) is so serious and substantial in character that the possibility of erasing the effects of these unfair labor practices and of conducting a fair rerun election by the use of traditional remedies is slight, and the employees' sentiments regarding representation, having been expressed through authorization cards, would, on balance, be protected better by issuance of a bargaining order than by traditional remedies alone.

(h) The unfair labor practices of respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

8. Upon information and belief, it may be fairly anticipated that, unless enjoined by this Court, respondent will continue to engage in the unlawful acts and conduct alleged in violation of Section 8(a)(1) and (3) of the Act.

9. Upon information and belief, unless the continuation or repetition of the above described unfair labor practices is immediately restrained, a serious flaunting of the Act will continue with the result that enforcement of important provisions of the Act, and of public policy embodied in the Act, will be impaired before respondent can be placed under legal restraint through the regular procedures of a Board Order and enforcement decree.

10. Upon information and belief, to avoid the serious consequences set forth above, it is essential, just, proper and appropriate, for the purposes of effectuating the policies of the Act and avoiding substantial, irreparable and immediate injury to such policies, to the public interest, and

to employees of respondent, and in accordance with purposes of Section 10(j) of the Act, that, pending the final disposition of the matters involved herein pending before the Board, respondent be enjoined and restrained from the commission of the acts and conduct alleged above, similar or related acts or conduct or repetitions thereof.

**WHEREFORE**, petitioner prays:

1. That the Court issue an Order to Show Cause directing respondent Dynamic Energy and M & P, to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why pending the Board's final disposition of the administrative proceeding in this matter, an injunction should not issue enjoining and restraining respondent, its officers, representatives, agents, servants, employees, attorneys, successors and assigns, and all persons acting in concert or participation with them, from:

    (a) discharging employees because they support the union or engage in other protected activities;

    (b) failing or refusing to recognize and upon request bargain with the union as the exclusive collective bargaining representative of employees in the following bargaining unit (Unit): All equipment operators and scalehouse employees employed at M & P's Coal Mountain, West Virginia location, but excluding all office clerical, guards, managerial employees and supervisors as defined in the Act.

    (c) In any other manner interfering with, restraining or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2. That the Court issue an affirmative Order directing respondent, pending final disposition of the matters involved herein pending before the Board, to:

    (a) Offer, on an interim basis, discharged employees Jeremy Blankenship,

6

Nathan Brown, Christopher Champagne, Phillip Coleman, Steven Paynter and

Herrick S. Sheppard reinstatement to their former positions, or, if those positions no longer exist, to substantially equivalent positions without prejudice to their seniority or any other rights and privileges previously enjoyed, and displacing, if necessary, any employee who has been hired or reassigned to replace them;

    (b) On an interim basis, recognize, and upon request, bargain in good faith with the Union as the exclusive bargaining representative of the Unit concerning terms and conditions of employment and, if an understanding is reached, embody the understanding in an interim signed agreement;

    (c) Post copies of the District Court's Opinion and Order at respondent's Coal Mountain, West Virginia mine site in all locations where notices to employees are customarily posted; maintain these postings during the Board's administrative process free from all obstructions and defacements; and grant to agents of the Board reasonable access to these facilities in order to monitor compliance with the posting requirement; and

    (d) Return subcontracted or reassigned work to bargaining unit;

    (e) Read the District Court's order to assemble employees or, at respondent's option, have a Board Agent read the District Court's order in the presence of a responsible management official.

    (f) Within twenty (20) days of the issuance of the District Court's Opinion and Order, file with the District Court, and serve a copy to petitioner, a sworn affidavit from a responsible official of respondent, setting forth with specificity the manner in which respondent has complied with the Court's Order including where exactly respondent has posted the documents required by the Order.

3. That upon return of the Order to Show Cause, the Court issue an order enjoining and restraining respondent in the manner set forth above.

4. That the Court grant such further and other relief as may be just and proper.

Dated at Cincinnati, Ohio this 4th day of February 2011.

Office of the General Counsel
Barry J. Kearney, Associate General Counsel
Ellen A. Farrell, Deputy General Counsel
Garey E. Lindsay, Regional Attorney

Petitioner
Gary W. Muffley, Regional Director
Region 9, National Labor Relations Board
3003 John Weld Peck Federal Building
550 Main Street
Cincinnati, Ohio 45202-3271

_____
Eric A. Taylor #0061169
Counsel for Petitioner
Region 9, National Labor Relations Board
3003 John Weld Peck Federal Building
550 Main Street
Cincinnati, Ohio  45202-3271

_____
Jonathan D. Duffey #0069723
Counsel for the Petitioner
Region 9, National Labor Relations Board
3003 John Weld Peck Federal Building
550 Main Street
Cincinnati, Ohio  45202-3271
Attachments

<u>CERTIFICATE OF SERVICE</u>

February 4, 2011

    I hereby certify that on February 4, 2011, I filed the foregoing with the Clerk of Court and I hereby certify that I have also mailed by United States Postal Service documents to the following:

        Mr. Bernard P. Jewler
        Attorney at Law
        Ogletree, Deakins, Nash
        Smoak & Stewart, PC
        2400 N Street, N.W., Suite 500
        Washington, DC 20037

        Mr. Charles F. Donnelly
        Attorney at Law
        United Mine Workers of America, AFL-CIO
        1300 Kanawha Boulevard, East
        Charleston, West Virginia 20570

        _/s/ Eric A. Taylor_ /JDD
        Eric A. Taylor #0061169
        Counsel for the Petitioner
        Region 9, National Labor Relations Board
        3003 John Weld Peck Federal Building
        550 Main Street
        Cincinnati, Ohio 45202-3271

        _/s/ Jonathan D. Duffey_
        Jonathan D. Duffey #0069723
        Counsel for the Petitioner
        Region 9, National Labor Relations Board
        3003 John Weld Peck Federal Building
        550 Main Street
        Cincinnati, Ohio 45202-3271

USDC/CIV-011 Certificate of Service (Electronically Filed Document) (4/05)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF WEST VIRGINIA
### AT SELECT ONE:

GARY W. MUFFLEY, Regional Director
of the Ninth Region of the National Labor
Relations Board, for and on behalf of the
National Labor Relations Board

                Petitioner,

v.

DYNAMIC ENERGY, INC. AND M & P
SERVICES, INC., A SINGLE EMPLOER

                Respondent.

**CERTIFICATE OF SERVICE**

**CIVIL ACTION** 5:11-0082

I hereby certify that on ___February 4, 2011___, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following CM/ECF participants:

USDC/CIV-011 Certificate of Service (Electronically Filed Documents) (4/05)

I hereby certify that I have mailed the document by United States Postal Service to the following non-CM/ECF participants:

Mr. Bernard P. Jewler
Attorney at Law
Ogletree, Deakins, Nash
Smoak & Stewart, PC
2400 N Street, N.W., Suite 500
Washington, DC 20037

Mr. Charles F. Donnelly
Attorney at Law
Unitd Mine Workersof America, AFL-CIO
1300 Kanawha Boulevard, East
Charleston, West Virginia 20570

*Attorney*

Jonathan D. Duffey #0069723
Counsel for the Petitioner
Region 9, National Labor Relations Board
3003 John Weld Peck Federal Building
550 Main Street, Cincinnati, Ohio 45202-3271